# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**THE RED BARN SHOP, LLC,**

    **Plaintiff,**

    v.

**PLAINFIELD RENEWABLE ENERGY, LLC.,**

    **Defendants.**

Case No. 2:18-CV-2613-CM-KGG

## MEMORANDUM AND ORDER

Plaintiff The Red Barn Shop, LLC brought this action in the Brown County District Court against defendant Plainfield Renewable Energy, LLC for breach of contract and quantum meruit. Defendant removed the action to federal court based on diversity of citizenship, and subsequently filed Defendant PRE Renewable Energy, LLC's Motion to Dismiss, or Alternatively, to Transfer Venue (Doc. 5). Defendant claims that this court lacks personal jurisdiction and is an improper venue to bring this claim. According to defendant, nearly all of the relevant actions for this case occurred in Connecticut—not Kansas. Moreover, defendant claims, the parties contracted to resolve all disputes arising out of the contract in Connecticut. For the reasons explained below, the court grants defendant's motion to transfer.

    **I.    Background**

This case arises from an alleged breach of contract regarding a project to construct, fabricate, and install high rolling windscreen doors, fixed windscreen enclosures, as well as other climate and dust control improvements at defendant's power plant in Plainfield, Connecticut. According to defendant, this power plant "provides renewable energy throughout New England" and the project "was intended to bring the Power Plant into compliance with Connecticut energy

and environmental rules and regulations." (Doc. 5, at 2.) The agreement was entered and performed in 2018. After the project was completed, plaintiff issued a final invoice for labor and materials provided under the agreement, but defendant has not paid $410,354.84 on the final invoice for plaintiff's work under the agreement.

## II. Legal Standards

"[W]hen the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists." *Wenz v. Memory Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citations omitted). "Where . . . there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." *Id.*

Because a forum-selection clause is involved here, the rules are slightly different: (1) "[T]he plaintiff's choice of forum merits no weight" and "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted"; and (2) The parties' private interests are irrelevant. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 63–4 (2013).

## III. Analysis

### a. Terms of the Forum Selection Clause

Defendant argues the agreement between the parties contains a forum selection clause that requires this claim be brought in Connecticut. Forum selection clauses are presumptively valid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Bowen Eng'g, Corp. v. Pac. Indem. Co.*, 83 F. Supp. 3d 1185, 1191 (D. Kan. Jan. 6, 2015). Supreme Court precedent requires a "strong showing" that a forum selection clause should be set aside. *See M/S Bremen*, 407 U.S. at 15 ("Thus, in the light of present-day commercial realities and expanding

international trade we conclude that the forum clause should control absent a strong showing that it should be set aside."); *see also Herr Indus., Inc. v. CTI Sys., SA*, 112 F. Supp. 3d 1174, 1178 (D. Kan. 2015) ("The Supreme Court has made clear that a court should respect and enforce a valid forum selection clause agreed by contracting parties."). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Milk "N" More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992).

Forum selection clauses may be labeled as permissive or mandatory. *See K & V Sci. Co., v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 498 (10th Cir. 2002) (citing *Excell, Inc. v. Sterling Boiler & Mech., Inc*., 106 F.3d 318, 320 (10th Cir. 1997)). The language of the provision determines whether the clause is permissive or mandatory. *See id.* ("Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum."). Where venue is specified with mandatory or obligatory language, the clause will be enforced. *Id*. at 499. Language creating a mandatory forum selection clause must be exclusive, such as "only," "sole," or "exclusive." *See Kirk v. NCI Leasing*, No. 6:05-cv-01199-MLB-DWB, 2005 WL 3115859 (D. Kan. Nov. 21, 2005); *Knight Oil Tools, Inc. v. Unit Petroleum Co.*, No. CIV 05-0669 JB/ACT, 2005 WL 2313715 (D. N.M. Aug. 31, 2005) (finding multiple cases where use of the word "shall" was not itself sufficient to deem the clause mandatory); *K&V Sci. Co*., 314 F.3d at 498–500.

The forum selection provision in the agreement between plaintiff and defendant states:

> GOVERNING LAW, JURISDICTION AND BUYER'S RIGHTS: Seller and Buyer agree that this Purchase Order is made and executed in the state where the work is performed and **shall be interpreted** under the laws of that state. Buyer and Seller **hereby submit to the jurisdiction** of the courts of such state**, expressly**

> **waiving the jurisdiction of any other court.** The prevailing Party in any claim before the court shall be entitled to have the costs of the court and attorney fees paid by the other Party.

(Doc. 6-1, at 108 (emphasis added).) The jurisdictional language is exclusive, referring only to one state. The provision includes an express waiver of all other jurisdictions except the state these parties consented to. It prohibits litigation in jurisdictions other than that specified by the parties—a significant indication that this provision is mandatory. *See K&V Sc. Co.*, 314 F.3d at 498 ("In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere."). The language of the express waiver establishes that jurisdiction is appropriate only in the designated forum. Because the forum selection provision is mandatory, the court looks to the state in which the work was performed and the agreement was made and executed (which must be the same) to determine which state is the proper venue.

### b. Incorporation of the Forum Selection Clause

Plaintiff objects to enforcement of this provision on two grounds. The first is that the forum selection clause is located in an attachment to the contract between the parties labeled "PRE Standard Terms & Conditions" (Doc. 9 at 13.) Plaintiff claims that because the standard terms and conditions is a separate document attached to the contract and because it has its own signature block (which plaintiff did not sign), there is a factual question of whether plaintiff accepted the forum selection clause when it signed the contract. The court disagrees.

Plaintiff concedes that the agreement itself, which it did sign, expressly incorporates a list of referenced attachments. And plaintiff concedes that the standard terms and conditions, including the forum selection provision, is listed as a referenced attachment. It is well-established that provisions in an unsigned attachment, which is incorporated by reference in the signed

agreement, become part of that signed agreement. *Riffel v. Dieter*, 157 P.2d 831, 838 (Kan. 1945) ("The general rule-in connection with the statute of frauds-is that an *unsigned* agreement clearly incorporated by reference in a *signed* agreement may be enforceable as part of the latter . . . .") (emphasis in original); *see also 566 New Park Assocs., LLC v. Blardo*, 906 A.2d 720, 810—11 (Conn. App. Ct. 2006) ("[I]ncorporation by reference of existing documents produces a single contract which includes the contents of the incorporated papers . . . The documents incorporated need not be attached to the contract nor signed . . . .") (citing 17A C.J.S CONTRACTS, § 327(2)). Plaintiff knew these terms and conditions, including the forum selection clause, would become part of the signed agreement. Plaintiff's argument has no basis in law.

### c. Ambiguity of the Forum Selection Clause

Plaintiff also argues this provision is ambiguous because it does not expressly designate Connecticut as the proper forum. The language in the forum selection clause is not ideal. But it does sufficiently indicate that the parties agreed to adjudicate claims arising out of the agreement in one state and one state only—the state in which the work was performed and the agreement was made and executed. Here, that state is Connecticut.

As noted above, the provision states the agreement "is made and executed in the state where the work is performed." These places must necessarily be the same. Although the work was arguably performed in both Kansas and Connecticut, the contract was only made and executed in one place: Connecticut. "A contract is made at the time when the last act necessary for its formation is done, and at the place where that final act is done." RESTATEMENT (FIRST) OF CONTRACTS § 74. To finish forming this contract, the document needed to be signed by both parties.

Plaintiff's David Gantz stated in his sworn declaration that he signed the agreement on February 24, 2018. (Doc. 9-1 at ¶ 8.) Defendant's Ralph Sanders stated in his own sworn declaration that he received the agreement signed by Mr. Gantz and subsequently signed the agreement himself the next day, February 25, 2018. (Doc. 6-2 at ¶ 10.) Mr. Sanders also declared that no one from defendant's company entered the state of Kansas until two months after the agreement was signed. Thus, the final act of formation was done by defendant's agent in Connecticut; that is, the contract was made and executed in Connecticut. It follows, then, that although some work may have been completed in Kansas, the "state where the work is performed" in the context of this provision is Connecticut because that is where the contract was made and executed. The contract indicates that the two must be the same.

The provision further states that "Buyer and Seller hereby submit to the jurisdiction of the courts of such state, expressly waiving the jurisdiction of any other court." As explained above, the phrase "such state" in this context is Connecticut, indicating parties agreed to adjudicate claims exclusively in Connecticut.

### d. Conclusion

This forum selection clause is prima facie enforceable and indicates that Connecticut is the proper jurisdiction, consented to by the parties to the agreement. Plaintiff failed to produce the "strong showing" required to set aside this provision and failed to provide a sufficient argument as to why this court should interpret the provision differently. Nothing in the agreement or circumstances surrounding it indicate enforcement of the provision is unreasonable or unjust. Because this court concludes that plaintiff consented to exclusive jurisdiction in Connecticut, analysis of the parties' contacts with Kansas is unnecessary.

The court may transfer a case when the parties have agreed to litigate in another forum. *Atl. Marine Const. Co.*, 571 U.S. at (2013) ("When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause."). The parties' agreement designates Connecticut as the proper forum for this claim, and the court therefore orders the case transferred to the United States District Court for the District of Connecticut.

**IT IS THEREFORE ORDERED** that Defendant PRE Renewable Energy, LLC's Motion to Dismiss, or Alternatively, to Transfer Venue (Doc. 5) is granted in part and denied in part. The court does not dismiss the case, but orders that the case be transferred to the United States District Court for the District of Connecticut, pursuant to its authority under 28 U.S.C. § 1406(a).

Dated this 25th day of March, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**